AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Central District of California



United States of America

v.

JOSE ALEXANDER CANALES TORRES,
aka "Josse Alexander Torres,"

Defendant.

Case No. **19 MJ02861**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the dates of April 4, 2018 and June 12, 2019 in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a), (b)(2) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
Complainant's signature

Minerva Bolivar, Deportation Officer
Printed name and title

Sworn to before me and signed in my presence.

Date: July 15, 2019

_____
Judge's signature

City and state: Los Angeles, California

Hon. Karen L. Stevenson, U.S. Magistrate Judge
Printed name and title

## **AFFIDAVIT**

I, Minerva Bolivar, being duly sworn, declare and state as follows:

### I. **PURPOSE OF AFFIDAVIT**

1. This affidavit is made in support of a criminal complaint and arrest warrant against JOSE ALEXANDER CANALES TORRES, also known as "Josse Alexander Torres" ("CANALES"), charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(2) (Illegal Alien Found in the United States Following Deportation).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of, or investigation into, this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. **BACKGROUND OF DEPORTATION OFFICER MINERVA BOLIVAR**

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since June 2009. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about April 4, 2018, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint that CANALES, a previously deported criminal alien, was arrested and in the custody of Torrance Police Department ("TPD") in Torrance, California. On or about that same day, the ICE PERC lodged a DHS Immigration Detainer with TPD.

5. On or about June 12, 2019, the ICE PERC received another electronic notification based on biometric fingerprint information that CANALES, a previously deported criminal alien, was present in the United States. Based on this notification, I undertook the present investigation of CANALES.

6. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

7. On or about June 19, 2019, I obtained and reviewed the DHS digitized A-File A094-294-800, which is maintained for the subject alien, CANALES. The A-File contained the following documents and information:

    a. Photographs of the subject alien to whom DHS A-File A094-294-800 corresponds. I compared the photographs in the A-File to photographs taken at the time of CANALES's booking

into Los Angeles Sheriff's Department ("LASD") custody on or about June 11, 2019. I thus determined that DHS A-File A094-294-800 and its contents correspond to CANALES.

  b. One executed Warrant of Removal/Deportation (I-205) indicating that CANALES was officially removed from the United States on or about August 13, 2009. I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contain the subject's photograph, signature, and fingerprint. The executed Warrant of Removal in CANALES' DHS A-File contain his photograph, signature, and fingerprint.

  c. A certified conviction record showing that CANALES was convicted on or about December 31, 2013, of Burglary, in violation of California Penal Code 459, in the Superior Court of the State of California, County of Los Angeles, Case Number LAVLA07627301, for which CANALES was sentenced to 16 months' imprisonment.

  d. Various documents, in addition to the Warrant of Removal/Deportation, indicating that CANALES is a native and citizen of Honduras. These documents include: (i) an Order of the Immigration Judge, dated September 2, 2004, ordering CANALES removed to Honduras; and (ii) a Sworn Statement, dated August 7, 2014 in which CANALES admitted that he is a citizen of Honduras.

8. On or about June 12, 2019, I reviewed the printouts of the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records

arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that CANALES had been convicted of the crimes reflected on the document contained in CANALES's DHS A-File.

9. On or about June 24, 2019, I reviewed the printouts of ICE computer indices on CANALES. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that CANALES had been removed, deported, and/or excluded on or about the dates indicated on the Warrant of Removal/Deportation found in CANALES' DHS A-File. The ICE computer indices further indicated that CANALES had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States legally since CANALES had last been deported.

10. Based on my review of CANALES' DHS A-File, I determined that his A-File does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in CANALES's DHS A-File.

## IV. **CONCLUSION**

11. For all the reasons described above, there is probable cause to believe that JOSE ALEXANDER CANALES-TORRES has committed a violation of Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation.

_____
Minerva Bolivar
Deportation Officer
United States Immigration and
Customs Enforcement

Subscribed to and sworn before me
this 15 day of JULY, 2019.

_____
UNITED STATES MAGISTRATE JUDGE